■ In the Matter of MELVIN LIVINGSTON, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the Department of Correctional Services, et al., Respondents. [655 NYS2d 203] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in two separate misbehavior reports with violating various prison disciplinary rules. In the first report, he was charged with giving false statements, exceeding travel limitations, exceeding release time and violating temporary release rules and regulations as the result of his failure to return to the correctional facility at the required time while on temporary release. In the second report, he was charged with using narcotics and violating temporary release rules and regulations when his urine tested positive for the presence of opiates. Following a bifurcated disciplinary hearing, petitioner was found guilty of all of the charges. He commenced this CPLR article 78 proceeding challenging this administrative determination on the basis that it is not supported by substantial evidence and that the Hearing Officer was biased.

Initially, we reject petitioner's claim that the administrative determination is not supported by substantial evidence. At the hearing on the charges contained in the first misbehavior report, petitioner pleaded guilty to violating temporary release rules and regulations. Although he testified that he did not return to the correctional facility at the required time because he took his daughter to Brookdale Hospital and later sought treatment for himself at St. Claire's Hospital, his correction counselor testified that there was no record of petitioner's daughter being treated at Brookdale Hospital on the date in

question. Moreover, the misbehavior report discloses an inexplicable gap between the time petitioner was required to return to the facility and the time he was admitted to St. Claire's Hospital. In view of the discretion vested in the Hearing Officer to evaluate the credibility of conflicting testimony (*see, Matter of Ayala v Coombe*, 227 AD2d 752; *Matter of Islar v Coombe*, 226 AD2d 851) as well as the information contained in the misbehavior report, we find that substantial evidence supports the determination of guilt as to the charges specified in the first report.

As to the charges specified in the second misbehavior report, the misbehavior report, urinanalysis test results and the testimony of the correction officer who tested petitioner's urine likewise provide substantial evidence supporting the administrative determination as to these charges. We have considered petitioner's claim that the Hearing Officer was biased and find, upon reviewing the transcript of the disciplinary proceedings, that this claim is similarly without merit (*see, Matter of Robles v Coombe*, 234 AD2d 847).

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.